[Cite as *Copley v. S. Ohio Correctional Facility*, 2009-Ohio-6358.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT COPLEY

   Plaintiff

   v.

SOUTHERN OHIO CORRECTIONAL FACILITY

   Defendant

   Case No. 2009-01450-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** 1)    On or about February 7, 2008, plaintiff, Scott Copley, an inmate formerly incarcerated at defendant, Southern Ohio Correctional Facility ("SOCF"), was transferred from the SOCF general population to a segregation unit.  Incident to the transfer SOCF employee Sgt. Pearson confiscated fifteen compact discs from plaintiff's possession.  Plaintiff was issued a conduct report for possessing property in excess of limits defined by defendant's internal policy.  Neither plaintiff nor defendant produced a copy of the conduct report.

**{¶ 2}** 2)    Plaintiff pointed out that after he was issued the conduct report he reached a compromise with Sgt. Pearson where it was agreed five compact discs would be returned to his possession and ten compact discs would be mailed outside SOCF to an address designated by plaintiff.  Plaintiff asserted Sgt. Pearson did not abide by the purported agreement and apparently destroyed nine of the confiscated compact discs.  Plaintiff denied he ever gave any SOCF personnel permission to destroy confiscated compact discs.  Plaintiff contended his compact discs were destroyed without any

authority on the part of SOCF staff. Consequently, plaintiff filed this complaint seeking to recover $120.02, the total replacement cost of nine compact discs. Plaintiff was not required to pay a filing fee.

{¶ 3} 3) Defendant admitted liability for the loss of five compact discs in the amount of $60.00. Defendant acknowledged an indeterminate number of compact discs were confiscated from plaintiff's possession due to the fact he possessed an excessive number of compact discs. Internal policy limits compact disc possession to ten. Defendant submitted a copy of plaintiff's property inventory compiled on June 18, 2008, when he was transferred from SOCF to the Ohio State Penitentiary ("OSP"). This inventory lists twelve compact discs. Defendant also submitted copies of "Informal Complaints" plaintiff filed in connection with the confiscation of compact discs. The "Informal Complaints" dated April 4, 2008, July 19, 2008, and September 15, 2008 all contain notations from plaintiff that he claimed SOCF employee Sgt. Pearson confiscated fifteen compact discs and did not return any of the confiscated items. Defendant submitted a copy of a "Hearing Officer Report" completed by SOCF employee, Michael P. Pearson dated February 12, 2008, which reflects the charges against plaintiff of possessing excess property in violation of internal policy. The "Hearing Officer Report" contains a finding that plaintiff was found "guilty of having over the limit contraband" and bears a disposition record by the Hearing Officer, Michael P. Pearson that the confiscated property items including the compact discs were to be destroyed. Defendant did not submit any record indicating property confiscated from plaintiff was formally forfeited. Defendant suggested the twelve compact discs plaintiff possessed when he was transferred to OSP included some of the compact discs that were confiscated on February 7, 2008 and subsequently ordered destroyed pursuant to the February 12, 2008 "Hearing Officer Report." Defendant did not submit any document to verify any confiscated property was returned to plaintiff.

{¶ 4} 4) Plaintiff filed a response relating he possessed twenty-five compact discs at the time fifteen were confiscated in February 2008. Plaintiff denied the twelve compact discs he possessed when he was transferred to OSP included any of the confiscated compact discs. Plaintiff insisted defendant should bear liability for all property claimed and damaged amounting to $120.02.

CONCLUSIONS OF LAW

{¶ 5} 1)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 2)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} 3)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8} 4)   An inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD.  Plaintiff has proven defendant did not have the authority or right to destroy the property claimed.

{¶ 9} 5)   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  In the instant action, the trier of fact finds the statements offered by plaintiff concerning the confiscation and subsequent destruction of all property claimed are persuasive.

{¶ 10} 6)   Negligence on the part of defendant has been shown in respect to the issue of property protection of plaintiff's confiscated items. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 11} 7)   Negligence on the part of defendant has been shown in respect to all property claimed. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

{¶ 12} 8)   As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

{¶ 13} 9)   Defendant is liable to plaintiff for property loss in the amount of

$120.02.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SCOTT COPLEY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2009-01450-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $120.02. Court costs are assessed against defendant.


            DANIEL R. BORCHERT
            Deputy Clerk

Entry cc:

Scott Copley, #468-120
878 Coitsville-Hubbard Road
Youngstown, Ohio  44505

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
7/13
Filed 7/23/09
Sent to S.C. reporter 12/4/09